June 11, 2014

<u>Via ECF</u>

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Simmtech Co., Ltd.* v. *Barclays Bank PLC, et al.*, No. 13-cv-7953 ("*Simmtech*"); *Oddvar Larsen* v. *Barclays Bank PLC, et al.*, No. 14-cv-1364 ("*Larsen*")

Dear Judge Schofield:

    Defendants in the above actions write to bring to Your Honor's attention an opinion issued by the United States Court of Appeals for the Second Circuit on June 4, 2014: *Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., Ltd.*, No. 13-2280, ---F.3d--- , 2014 WL 2487188 (2d Cir. June 4, 2014).

    In *Lotes*, the Court held that "the requirements of the FTAIA go to the merits of an antitrust claim rather than to subject matter jurisdiction." *Id.* at 24. In so doing, the Court overruled its prior decision in *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922 (2d Cir. 1998), in which the Court had held that the FTAIA was jurisdictional in nature. In view of the decision in *Lotes*, a motion to dismiss for failure to satisfy the FTAIA should now be brought pursuant to Federal Rule of Civil Procedure 12(b)(6).

    On May 30, 2014, Defendants moved pursuant to Rule 12(b)(1) to dismiss Simmtech's and Larsen's Sherman Act Section 1 claims for lack of subject matter jurisdiction. (*Larsen* Dkt. 51; *Simmtech* Dkt. 83 ("Supp. Mot.")). In their brief, Defendants acknowledged the disagreement among courts as to whether the FTAIA is jurisdictional or, instead, sets forth an additional element of an antitrust claim. (Supp. Mot. at 5 n.4.) Defendants also noted that, whether evaluated under 12(b)(1) or 12(b)(6), the analysis and result are the same: Simmtech's and Larsen's Sherman Act Section 1 claims should be dismissed under the FTAIA. *See In re Dynamic Random Access (DRAM) Antitrust Litig.*, 546 F.3d 981, 985 n.3 (9th Cir. 2008) (affirming dismissal under FTAIA where the "result and analysis are the same" whether the statute is viewed as jurisdictional under Rule 12(b)(1) or establishing an element of the claim under Rule 12(b)(6)).

    In *Lotes*, the Second Circuit also addressed the "domestic effects" exception to the general prohibition on extraterritorial application of the antitrust laws, but the Second Circuit's decision does not cure the pleading defects in the *Simmtech* and *Larsen* complaints. The Court noted that the domestic effects exception has two requirements: (1) the foreign conduct has a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce; and (2) that effect "gives rise to a claim under" the Sherman Act. *Lotes*, slip op. at 45-46. With respect

to the first requirement, the *Lotes* Court rejected the Ninth Circuit's formulation that "an effect is 'direct' if it follows as an immediate consequence of the defendant's activity[,]" *United States v. LSL Biotechnologies, Inc.*, 379 F.3d 672 (9th Cir. 2004).  Instead, the Second Circuit held that conduct can have a "direct, substantial, and reasonably foreseeable effect" where there is a "reasonably proximate causal connection between the conduct and the effect."  *Lotes*, slip op. at 5.  As set forth in Defendants' supplemental motion to dismiss, those complaints contain no allegations showing that the alleged foreign conduct had any causal connection with U.S. commerce, let alone a reasonably proximate one.  (*See* Supp. Mot. at 8-10.)

The Second Circuit made no change to the second requirement of the domestic effects exception—that the alleged effect "gives rise to" plaintiffs' Sherman Act claim.  Indeed, the Second Circuit affirmed the district court's dismissal of the plaintiff's Sherman Act claim specifically because any alleged domestic effects of defendants' foreign conduct "did not 'give[] rise to' Lotes's claims."  *Lotes Co.*, slip op. at 45 (citing 15 U.S.C. § 6a(2)).  The same is true here.  Defendants' supplemental motion to dismiss demonstrates that, as in *Lotes*, both Simmtech and Larsen have failed to plead that any alleged domestic effect of defendants' purported conduct "gives rise" to their alleged antitrust injuries in South Korea and Norway, respectively.  (*See* Supp. Mot. at 10-13.)

*   *   *

This letter is respectfully submitted on behalf of the undersigned Defendants by their counsel:

| SHEARMAN & STERLING LLP | SULLIVAN & CROMWELL LLP |
|---|---|
| By: /s/ Adam F. Hakki | By: /s/ Yvonne S. Quinn |
| Adam F. Hakki | Yvonne S. Quinn |
| Richard F. Schwed | David H. Braff |
| Jeffrey J. Resetarits | Jeffrey T. Scott |
| 599 Lexington Avenue | Qian A. Gao |
| New York, New York 10022 | 125 Broad Street |
| Telephone:  (212) 848-4000 | New York, New York 10004 |
| ahakki@shearman.com | Telephone: (212) 558-4000 |
| rschwed@shearman.com | quinny@sullcrom.com |
| jresetarits@shearman.com | braffd@sullcrom.com |
|  | scottj@sullcrom.com |
| *Attorneys for Defendants Bank of America Corporation and Bank of America, N.A.* | gaoq@sullcrom.com |
|  | *Attorneys for Defendants Barclays Bank PLC and Barclays Capital Inc.* |

ALLEN & OVERY LLP

By: /s/ David C. Esseks
David C. Esseks
Brian de Haan
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
david.esseks@allenovery.com
brian.deHaan@allenovery.com

John Terzaken (*pro hac vice motion forthcoming*)
1101 New York Avenue
Washington, D.C. 20005
Telephone: (202) 683-3800
john.terzaken@allenovery.com

*Attorneys for Defendant BNP Paribas*

COVINGTON & BURLING LLP

By: /s/ Andrew A. Ruffino
Andrew A. Ruffino
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com

*Attorneys for Defendants Citibank, N.A. and Citigroup Inc.*

| | |
|---|---|
| CAHILL GORDON & REINDEL LLP | KIRKLAND & ELLIS LLP |
| By: /s/ David G. Januszewski<br>David G. Januszewski<br>Herbert S. Washer<br>Elai Katz<br>Jason M. Hall<br>80 Pine Street<br>New York, New York 10005<br>Telephone: (212) 701-3000<br>Facismile: (212) 269-5420<br>djanuszewski@cahill.com<br>ekatz@cahill.com<br>jhall@cahill.com<br><br>*Attorneys for Defendants Credit Suisse Securities (USA) LLC and Credit Suisse Group AG* | By: /s/ Robert Khuzami<br>Robert Khuzami<br>Joseph Serino, Jr., P.C.<br>Eric F. Leon, P.C.<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-6425<br>Facsimile: (212) 446-6460<br>robert.khuzami@kirkland.com<br>joseph.serino@kirkland.com<br>eric.leon@kirkland.com<br><br>G. Patrick Montgomery (*pro hac vice forthcoming*)<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br>Telephone: (202) 879-5000<br>Facismile: (202) 879-5200<br><br>*Attorneys for Defendant Deutsche Bank AG* |

| | |
|---|---|
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | LOCKE LORD LLP |

By: /s/ Thomas J. Moloney
Thomas J. Moloney
Victor L. Hou
Elizabeth Vicens
Andrew Darcy
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
tmoloney@cgsh.com
vhou@cgsh.com
evicens@cgsh.com
adarcy@cgsh.com

*Attorneys for Defendants The Goldman Sachs Group, Inc. and Goldman, Sachs & Co.*

By: /s/ Edwin R. DeYoung
Edwin R. DeYoung
Gregory T. Casamento
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
Facsimile: (212) 812-8385
edeyoung@lockelord.com
gcasamento@lockelord.com

Roger B. Cowie
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8614
Facsimile: (214) 740-8800
rcowie@lockelord.com

*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Peter E. Greene
Peter E. Greene
Boris Bershteyn
Peter S. Julian
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
peter.greene@skadden.com
boris.bershteyn@skadden.com
peter.julian@skadden.com

Patrick Fitzgerald
155 N. Wacker Drive
Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0508
Facsimile: (312) 407-0411
patrick.fitzgerald@skadden.com

*Attorneys for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

WACHTELL, LIPTON, ROSEN & KATZ

By: /s/ Jonathan M. Moses
Jonathan M. Moses
Keia D. Cole
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
JMMoses@wlrk.com
KDCole@wlrk.com

*Attorneys for Defendant Morgan Stanley*

| | |
|---|---|
| DAVIS POLK & WARDWELL LLP | GIBSON, DUNN & CRUTCHER LLP |
| By: /s/ Arthur J. Burke | By: /s/ Joel S. Sanders |
| Arthur J. Burke<br>Greg D. Andres<br>Charles Shioleno<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 450-4800<br>arthur.burke@davispolk.com<br>greg.andres@davispolk.com<br>charles.shioleno@davispolk.com<br><br>*Attorneys for Defendant The Royal Bank of Scotland Group plc* | Joel S. Sanders<br>555 Mission Street<br>San Francisco, California 94105<br>Telephone: (415) 393-6268<br>Facsimile: (415) 374-8439<br>jsanders@gibsondunn.com<br><br>Joshua H. Soven<br>Melanie L. Katsur<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: (202) 955-8503<br>Facsimile: (202) 530-9518<br>jsoven@gibsondunn.com<br><br>*Attorneys for Defendants UBS AG and UBS Securities, LLC* |